# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MUSTAFA AFIFY, a minor, by his
Next Friend, ELSAYED ABED-EL-AATI,

      Plaintiff,

                                                                     Case No. 09-15052
                                                                    Hon. Lawrence P. Zatkoff

v.

UNITED STATES OF AMERICA,

      Defendant.

_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on June 8, 2011

PRESENT:  THE HONORABLE LAWRENCE P. ZATKOFF
                          UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter is before the Court on Defendant's motion for the sanction of dismissal, or in the alternative, for costs and to compel discovery [dkt 37] and Plaintiff's motion to amend scheduling order [dkt 41]. Defendant's motion has been fully briefed, and Defendant has stated that it consents to Plaintiff's requested amendment to the Court's scheduling order. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted. The motions will be addressed in turn.

### II. BACKGROUND

Plaintiff, as Next Friend of his minor child Mustafa Afify ("Mustafa"), brings this action against Defendant under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.* Plaintiff alleges that on June 1, 2007, six-year old Mustafa, having just exited a school bus with a group of other children, was struck by a United States Postal Service vehicle while attempting to cross a road. Plaintiff further alleges that as a result of the accident, Mustafa sustained a traumatic brain injury, left clavicle fracture, scarring laceration to the right temporal area, collapsed lung, right arm abrasions, chest abrasions, cervical sprain, thoracic sprain, lumbar sprain, cervical radiculopathy, and lumbar radiculopathy. According to Plaintiff, these injuries have impaired Mustafa's body function and adversely affected his ability to lead a normal life. Plaintiff avers, *inter alia*, that Mustafa suffers from adjustment disorder, with features of post-traumatic stress syndrome, sleep disturbance, and somatic pain disorder.

As Defendant asserts in its motion for sanctions, Plaintiff claims that Mustafa's behavior has changed post-accident, including that Mustafa now has poor eating habits and has trouble sleeping, such that he attempts to sleep on the living room couch instead of in his bed. Plaintiff has also maintained that Mustafa was "born full-term without complications" and that "his early development was normal." The essence of Defendant's motion is that Plaintiff has deliberately concealed Mustafa's pre-accident medical history.

In Defendant's first set of interrogatories to Plaintiff, Defendant sought the identification of each medical, dental, or mental health professional by whom Mustafa has been treated, examined, or evaluated during the preceding 12 years, other than those related to the accident. Plaintiff responded by saying, "As far as I can recall, there were none." Therefore, the physicians examining Mustafa post-accident have been relying on Mustafa's pre-accident medical history as accounted

2

for by Plaintiff.

In arranging for an independent medical examination of Mustafa, Defendant discovered that Mustafa visited a pediatric doctor at the Ypsilanti Health Center in 2005. The doctor's report from this visit contradicts the patient history that Plaintiff submitted to Defendant and Mustafa's post-accident doctors:

1. "[H]e had low birth weight. He began feeding poorly from the beginning. Mother notes that he was in the hospital for 12 days."

2. "Parents describe him as somewhat picky in eating."

3. "Mother notes that he is afraid to sleep alone and usually moves from his bed ot [sic] the living room coach [sic]."

### III. ANALYSIS

**A. Dismissal**

Fed. R. Civ. P. 37 addresses the sanctions available for abuse of the discovery process. Specifically, Rule 37(c)(1) allows a court to impose sanctions for failure to supplement earlier responses, including: (1) payment of reasonable expenses, including attorney fees, and (2) other appropriate sanctions, which include dismissal of the action. Courts have discretion in choosing the appropriate sanction, and such decisions are reviewed on appeal under an abuse of discretion standard. *Toth v. Grand Trunk R.R.*, 306 F.3d 335, 343 (6th Cir. 2002). In deciding whether to impose the sanction of dismissal, courts should consider four factors: (1) evidence of willfulness, bad faith, or fault; (2) prejudice to the adversary; (3) whether the violating party had notice of the potential sanction; and (4) whether less drastic sanctions have been imposed or considered. *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995).

With respect to the first factor, Defendant asserts that Plaintiff willfully, and in bad faith,

failed to list a single health care professional who has seen Mustafa pre-accident by stating, "[a]s far as I can recall, there were none." According to Defendant, Plaintiff is attempting to erase any pre-accident medical history for Mustafa that would be consistent with his post-accident complaints. For example, during Plaintiff's deposition, Plaintiff stated that prior to the accident, Mustafa had "no problems with his sleep, nothing. He would sleep in his bed, just like a normal child."

Plaintiff responds that he did not willfully conceal Mustafa's pre-accident medical history, pointing to the following statements made during his deposition:

> Q. Are you saying that Mustafa never went to a doctor prior to the accident?
>
> A. No. We went to doctors. Sometimes when he's sick, he has like, for example, a cold or sometimes if he had a fever and we took him for shots, something like that, nothing really extra. There's no big problem. There's no other critical problem.
>
> Q. When you went to the doctor for Mustafa for these things that you just listed, who did you go to, what doctor?
>
> A. We probably went once or twice. There was one that we went to that – he's either in Ypsilanti. I don't recall his name. It was a long time ago. I don't recall his name, exactly.

According to Plaintiff, he acknowledged that Mustafa had been seen by doctors pre-accident and informed Defendant that he thought one of them was in Ypsilanti. Plaintiff further asserts that his failure to provide the names of any doctors was not the result of willfulness or bad faith, but rather, an inability to remember such information.

Considering the evidence submitted, it appears that, at the very least, Plaintiff's answer to Defendant's interrogatory requesting information about Mustafa's pre-accident health care providers was submitted in bad faith. As Plaintiff later stated in his deposition, he was aware that at least one medical professional had seen Mustafa in 2005, which contradicts his earlier statement that "there

were none."

While evidence of bad faith weighs in favor of the sanction of dismissal, the remaining factors do not. There is no evidence that Plaintiff was aware of the possibility of the sanction of dismissal before Defendant filed the present motion, and less drastic sanctions have not been imposed or considered by this Court. Furthermore, the Court finds that the prejudice to Defendant is minimal when considering that the deadline for conducting discovery of expert witnesses is June 29, 2011, and the dispositive motion deadline is July 29, 2011. Defendant strenuously objects to post-accident doctors relying on Plaintiff's version of Mustafa's pre-accident medical history, but Defendant has ample time to re-depose such individuals in light of the newly discovered medical history. Additionally, it appears that Mustafa's newly discovered medical history may be used to question Plaintiff's credibility going forward. Thus, Defendant's motion for the sanction of dismissal is denied.

**B.  Costs**

As an alternative to the sanction of dismissal, Defendant seeks the imposition of $15,881.60 in costs incurred for doctor depositions that now require re-deposing due to newly discovered evidence. Considering that Plaintiff does not offer any argument in his response brief opposing Defendant's request for costs, and that Plaintiff failed to disclose evidence of at least one doctor who examined Mustafa pre-accident, the Court grants Defendant's request for costs in the amount of $15,881.60. Payment shall be made within 30 days of this order.

**C.  Additional Discovery**

As another alternative to the sanction of dismissal, Defendant moves to compel supplemented answers to "Interrogatory No. 10, regarding Mustafa's pre-accident health care

providers." Defendant also seeks to compel responses to "Requests for Production Nos. 13, 14, 15, 16, 17, 18 and 19," which seek:

1. "[M]edical and educational records, and releases for these records, of Mustafa's siblings, which is relevant, based on patient history given by [Plaintiff] that Mustafa is different compared with the other sons;"

2. "[Plaintiff]'s IRS records, based on [Plaintiff]'s testimony that he was paid by his brother for working at the brother's restaurant, but would not respond to the question of whether he reported this income on his income tax returns, and which therefore goes to the credibility of [Plaintiff], who is the key witness in the issue of Mustafa's pre- and post-accident behavior;" and

3. "[Plaintiff]'s immigration file, based on [Plaintiff]'s deposition testimony that he did not have a work or family sponsor to obtain a visa to come to the United States, which also goes to the credibility of [Plaintiff], inasmuch as his explanation of how he came to be in the United States is inconsistent with immigration law, and therefore also goes to the credibility of [Plaintiff]."

In his response brief, Plaintiff does not offer any argument opposing Defendant's motion to compel supplemented answers to "Interrogatory No. 10, regarding Mustafa's pre-accident health care providers." Accordingly, the Court will grant Defendant's motion to compel this supplementation.

Plaintiff does oppose Defendant's motion to compel the production of Mustafa's siblings' medical and educational records, as well as Plaintiff's IRS and immigration records, arguing that such evidence has no relevance to the case and is not likely to lead to the discovery of admissible evidence. However, since the responses Defendant seeks relate directly to the issue of Plaintiff's credibility, the Court finds that such responses are likely to lead to the discovery of admissible evidence. Therefore, the Court grants Defendant's request to compel the production of responses to Requests for Production Nos. 13, 14, 15, 16, 17, 18 and 19.

**D.  Amend Scheduling Order**

Pursuant to Fed. R. Civ. P. 16(b), "a schedule may be modified only for good cause and with

the judge's consent." In order to establish "good cause," parties must show that "despite their diligence they could not meet the original deadline." *Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003).

In Plaintiff's motion to amend the Court's scheduling order, Plaintiff requests that the deadlines for expert reports and expert discovery be extended 8 days, and that the dispositive motion deadline be extended 10 days. Considering Defendant's need to re-depose expert witnesses and Plaintiff's need to retain new counsel, the Court finds that there is good cause to extend all remaining scheduling order dates by 60 days.

## IV. CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that Defendant's motion for the sanction of dismissal, or in the alternative, for costs and to compel discovery [dkt 37] is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that Defendant be reimbursed for the costs of medical depositions in the amount of $15,881.60, to be made within 30 days of this order.

IT IS FURTHER ORDERED that Plaintiff supplement Defendant's Interrogatory No. 10 within 10 days after retaining new counsel.

IT IS FURTHER ORDERED that Plaintiff respond to Defendant's Requests for Production Nos. 13, 14, 15, 16, 17, 18 and 19 within 10 days after retaining new counsel.

IT IS FURTHER ORDERED that if Plaintiff continues to exhibit bad faith in connection with this case, whether through responding to discovery requests or otherwise, the Court will revisit the issue of granting the sanction of dismissal.

IT IS FURTHER ORDERED that Plaintiff's motion to amend scheduling order [dkt 41] is GRANTED.

IT IS FURTHER ORDERED that all remaining scheduling order dates shall be extended by 60 days.

IT IS SO ORDERED.

                                                      S/Lawrence P. Zatkoff
                                                      LAWRENCE P. ZATKOFF
                                                      UNITED STATES DISTRICT JUDGE

Dated: June 8, 2011

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 8, 2011.

                                                      S/Marie E. Verlinde
                                                     Case Manager
                                                     (810) 984-3290