UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MUSTAFA AFIFY, a minor, by his
Next Friend, ELSAYED ABED-EL-AATI,

     Plaintiff,

                                                        Case No. 09-15052
                                                        Hon. Lawrence P. Zatkoff
v.

UNITED STATES OF AMERICA,

     Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on August 3, 2011

PRESENT:  THE HONORABLE LAWRENCE P. ZATKOFF
                          UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Plaintiff's ex parte motion to alter or amend judgment. The Court finds that the facts and legal arguments are adequately presented in Plaintiff's papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the ex parte motion be resolved on the brief submitted. For the reasons discussed below, Plaintiff's motion is denied.

**II. BACKGROUND**

Plaintiff, as Next Friend of his minor child Mustafa Afify ("Mustafa"), brings this action against Defendant under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.* Plaintiff alleges that on June 1, 2007, six-year old Mustafa, having just exited a school bus with a group of

other children, was struck by a United States Postal Service vehicle while attempting to cross a road. Plaintiff further alleges that as a result of the accident, Mustafa sustained a traumatic brain injury, left clavicle fracture, scarring laceration to the right temporal area, collapsed lung, right arm abrasions, chest abrasions, cervical sprain, thoracic sprain, lumbar sprain, cervical radiculopathy, and lumbar radiculopathy. According to Plaintiff, these injuries have impaired Mustafa's body function and adversely affected his ability to lead a normal life. Plaintiff avers, *inter alia*, that Mustafa suffers from adjustment disorder, with features of post-traumatic stress syndrome, sleep disturbance, and somatic pain disorder.

On June 8, 2011, the Court imposed monetary sanctions against Plaintiff in the amount of $15,881.60 for concealing evidence related to Mustafa's pre-accident medical history. The Court further ordered that payment was to be made within 30 days of the Court's order. Also on June 8, 2011, the Court granted Plaintiff's counsel's motion to withdraw, and ordered that Plaintiff retain a new attorney within 20 days thereafter and that all scheduling order dates would extended by 60 days. Plaintiff did not timely retain a new attorney.

In his present motion, Plaintiff asks the Court to reconsider its prior order under E.D. Mich. L.R. 59.1, either absolving Plaintiff of his duty to pay the sanctions imposed or allowing Plaintiff to make payments on an unspecified schedule. Plaintiff also requests a 90-day extension in which to retain an expert.

### III. ANALYSIS

Although styled as a motion to alter or amend a judgment,[1] the Court will construe Plaintiff's

---

[1] *See* E.D. Mich. L.R. 59.1 ("No response to a motion to alter or amend a judgment and no oral argument are permitted unless the court directs otherwise.").

motion as one for reconsideration. Local Rule 7.1(h)(3) governs motions for reconsideration, stating that "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). The same subsection further states, "the movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* A defect is palpable when it is obvious, clear, unmistakable, manifest, or plain. *Mktg. Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997).

While Plaintiff asks the Court to reconsider its prior order regarding the imposition of sanctions and the extension of discovery, Plaintiff asks the Court to reconsider matters it has already ruled upon. Furthermore, Plaintiff has presented no defects in the Court's prior order. While Plaintiff is not pleased with the Court's prior order, Plaintiff presents an insufficient basis upon which to alter it. Furthermore, given the Court's prior extensions of the scheduling order dates, Plaintiff has failed to demonstrate that good causes exists to extend the scheduling order dates further. Therefore, Plaintiff's ex parte motion is denied.

Additionally, the Court notes that Plaintiff has failed to retain new counsel in direct violation of the Court's order. Accordingly, IT IS HEREBY ORDERED that Plaintiff show cause, in writing, within 15 days of this order, explaining why Plaintiff's complaint should not be dismissed for failing to retain new counsel. Failure to properly respond to this order may result in sanctions, including, but not limited to, the dismissal of Plaintiff's complaint.

### IV. CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that Plaintiff's ex

parte motion to alter or amend judgment is DENIED.

IT IS FURTHER ORDERED that Plaintiff show cause, in writing, within 15 days of this order, explaining why Plaintiff's complaint should not be dismissed for failing to retain new counsel.

IT IS SO ORDERED.

                                                S/Lawrence P. Zatkoff
                                                LAWRENCE P. ZATKOFF
                                                UNITED STATES DISTRICT JUDGE

Dated: August 3, 2011

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 3, 2011.

                                                S/Marie E. Verlinde
                                                Case Manager
                                                (810) 984-3290